# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **LINDA C. GIBBS,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) ) Civil Action Number ) 4:16-cv-117-AKK |
| **CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY** | ) ) ) ) ) |
| **Defendant.** | |

## MEMORANDUM OPINION

Linda C. Gibbs brings this action pursuant to section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge ("ALJ") applied the correct legal standard, and that his decision—which has become the decision of the Commissioner—is **AFFIRMED**.

## I.   PROCEDURAL HISTORY

Gibbs filed her application for Title II Disability Insurance Benefits on December 14, 2012, alleging a disability onset date of October 26, 2012, (R. 120), due to diabetes mellitus and right A/C joint degenerative joint disease, (R. 145, 160). After the SSA denied her application, Gibbs requested a hearing before an

ALJ. (R. 74–75). The ALJ subsequently denied Gibbs' claim, (R. 13–15), which became the final decision of the Commissioner when the Appeals Council refused to grant review, (R. 1–3). Gibbs then filed this action pursuant to § 405(g) on January 23, 2016. Doc. 1.

## II.    STANDARD OF REVIEW

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'"  *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529

(quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted).  If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529.  While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III.   STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i)(I)(A).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis.  20 C.F.R. § 404.1520(a)-(f).  Specifically, the Commissioner must determine in sequence:

    (1)    whether the claimant is currently unemployed;

    (2)    whether the claimant has a severe impairment;

> (3) whether the impairment meets or equals one listed by the Secretary;
>
> (4) whether the claimant is unable to perform his or her past work; and
>
> (5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id*. at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

## IV. THE ALJ'S DECISION

In performing the Five Step sequential analysis, the ALJ initially determined that Gibbs met the criteria for Step One because she had not engaged in any substantial gainful activity since her alleged onset date of October 26, 2012. (R. 18). Next, the ALJ acknowledged that Gibbs' impairments of "diabetes mellitus, cervical degenerative disc disease, and minimal right A/C joint degenerative joint disease/osteoporosis" met the requirements of Step Two. (*Id.*). The ALJ then proceeded to the next step and found that Gibbs did not satisfy Step Three because she "did not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments included in 20 C.F.R. Part

404, Subpart P, Appendix 1." (R. 19). Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d 1030, he proceeded to Step Four where he determined that, at her date last insured, Gibbs had the residual functional capacity (RFC) to "perform the full range of sedentary work as defined in 20 C.F.R. 404.1567(a)." (R. 19). In light of Gibbs' RFC, the ALJ determined that Gibbs was capable of performing her past relevant work as a daycare owner/operator/bookkeeper. (R. 22). Because the ALJ answered Step Four in the affirmative, he determined that Gibbs was not disabled. (*Id.*).

## V.   ANALYSIS

Gibbs raises multiple contentions of error which the court will outline and address below. However, none of these contentions establish that the ALJ committed reversible error. Therefore, the court will affirm the ALJ's decision.

   *1. Alleged failure to determine that Gibbs' alleged peripheral neuropathy equaled a listing*

As one of her contentions of error, Gibbs claims that the ALJ erred in Step Three by failing to "review[] [Gibbs'] diabetes under the peripheral neuropathy listing in Appendix 1. . . . [because while it] may not meet listing level . . . it does limit her to less than sedentary work . . . ." Doc. 9 at 11–12. Gibbs bears the burden of demonstrating that her impairment meets or equals a listing. *Sullivan v. Zebley*, 430 U.S. 521, 530 (1990). "To meet the requirements of a Listing, [Gibbs] not only

must have been diagnosed with a condition included in the Listing, but [s]he must also provide medical reports documenting that the condition meets the Listing's specific criteria and duration requirement." *Bellew v. Acting Comm'r of Soc. Sec.,* 605 F. App'x 917, 922 (11th Cir. 2015). As a result, to demonstrate that she has diabetic peripheral neuropathy severe enough to meet the criteria of a Listing impairment, Gibbs must show that she suffers "[d]isorganization of motor function in two extremities . . . , resulting in an extreme limitation . . . in the ability to stand up from a seated position, . . . balance while standing or walking, or use the upper extremities." 20 C.F.R. pt. 404, Subpart P, app. 1, §§ 6, 11.14. The court finds that Gibbs has failed to meet her burden.

Specifically, Gibbs has failed to produce any evidence or documentation that would support a claim that she suffers from diabetic neuropathy, much less that the impairment would meet the criteria of a Listing. In fact, in her brief Gibbs recognizes that her claim of neuropathy may *not* meet a Listing, but asserts that her neuropathy would limit her to less than sedentary work. *See* doc. 9 at 12. However, a review of her medical record shows no evidence that Gibbs has ever been treated for or diagnosed with peripheral neuropathy or any similar condition. (*See, e.g.,* R. 207–209, 215–217) (medical records from Dr. Lewis which indicate that she had no neurological complaints); *see also* (R. 388–389) (medical report from August 2014 in which Gibbs denied any tingling or numbness). In light of the absence of

medical support for Gibbs' contention, the substantial evidence supports the ALJ's decision to not consider diabetic neuropathy in his analysis of Gibbs' conditions in Step Three.

> *2. Alleged failure to consider and weigh the opinion of one of the treating physicians*

As her next contention of error, Gibbs asserts that the ALJ erred by not affording substantial weight to the opinion of her treating physician, Dr. John Lewis, that she was disabled. Doc. 9 at 9–11. Gibbs is correct that the opinion of a treating physician is generally afforded more weight than a consulting physician's. *See Wilson v. Heckler,* 734 F.2d 513, 518 (11th Cir. 1984); *Wiggens v. Schweiker*, 679 F.2d 1387 (11th Cir. 1982). However, where the physician's opinion is inconsistent with medical records and the evidence of the claimant's activities, the ALJ may reject the opinion. *See Crow v. Comm'r of Soc. Sec.,* 571 F. App'x 802, 806 (11th Cir. 2014). In doing so, however, the ALJ must "specify what weight is given to a treating physician's opinion and any reason for giving it no weight . . . ," *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).

The court finds that the ALJ thoroughly reviewed the medical record and explained why he rejected Dr. Lewis' opinion. In reviewing the record, the ALJ first noted that Dr. Lewis considered Gibbs' diabetes under control "due to her insulin and her then-recent compliance with [Dr. Lewis'] diet and exercise recommendations." (R. 20). Next, the ALJ discussed the range of motion test Dr.

Lewis performed on Gibbs, noting that Dr. Lewis placed no range of motion restriction on Gibbs and that an x-ray requested by Dr. Lewis showed no significant abnormalities. (R. 20–21). The ALJ explained that these findings and treatment records were consistent with the records of Dr. Randall Anderson, who Gibbs visited for shoulder pain, and who found that Gibbs had good range of motion and was doing well, (R. 21, 331–337), and those of the state agency consultant, Dr. Robert Estock, who found that Gibbs had no impairments or restrictions. (R. 21, 56–57).

After discussing Dr. Lewis' medical findings, the ALJ then turned to Dr. Lewis' opinion in a medical source statement that Gibbs was totally disabled and could only operate at the light exertional level. (R. 21, 305–306). It is this opinion that is the basis for Gibbs' contention that the ALJ erred by failing to afford it substantial weight. In rejecting this opinion, the ALJ pointed out that Dr. Lewis' opinion of total disability was inherently inconsistent with his opinion in the same medical source statement that Gibbs could perform at the light exertional level. (R. 305–306). The ALJ noted that in order for Gibbs to operate at a light exertional level under the regulations, Gibbs would have to "stand[] and walk[] for longer periods or lift[] and carry[] heavier objects tha[n] the record supports." (R. 21). Stated differently, a person who can operate at a light exertional level is, by definition, not totally disabled. Finally, the ALJ explained that because "the issue

as to whether an individual is 'disabled' or wholly unable to work as defined under the Act is strictly an issue which is reserved to the Commissioner," (R. 21), he afforded Dr. Lewis' opinion little weight.

Based on this record, the court finds that the ALJ properly explained the weight he afforded Dr. Lewis' opinion and the reasons why he disregarded Dr. Lewis' opinion that Gibbs was "totally disabled." Accordingly, the court finds that ALJ's decision to give little weight to Dr. Lewis' opinion is supported by substantial evidence. *See Bloodsaw v. Apfel*, 105 F. Supp. 2d 1223, 1227 (N.D. Ala. 2000); *Harrison v. Barnhart*, 346 F. Supp. 2d 1188, 1192 (N.D. Ala. 2004).

> *3. The ALJ stated adequate reasons for discrediting Gibbs' pain testimony*

Finally, Gibbs challenges the ALJ's decision to discredit her pain testimony. In this Circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." *Holt v. Barnhart*, 921 F.2d 1221, 1223 (11th Cir. 1991). This standard "requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of

such a severity that it can be reasonably expected to give rise to the alleged pain."[1]

*Id*. However, medical evidence of pain itself, or of its intensity, is not required:

> While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, *neither requires objective proof of the pain itself*. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard *a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself. See* 20 CFR §§ 404.1529 and 416.929; *Hale* [*v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)].

*Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted) (emphasis added). Moreover, "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Holt*, 921 F.2d at 1223. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, the ALJ must find a disability unless the ALJ properly discredits the claimant's testimony. Where the ALJ discredits subjective pain testimony, he must "articulate explicit and express reasons for doing so." *Wilson v. Barnhart,* 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam). Finally, "a clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by

---

[1] This standard is referred to as the *Hand* standard, named after *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985).

a reviewing court," except that the court must accept the testimony as true if the ALJ fails to articulate reasons for discrediting it. *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995) (per curiam) (internal citations omitted).

Here, Gibbs claims that the ALJ improperly discounted her testimony regarding her limitations as a result of her diabetes, osteoarthritis, and shoulder pain. Doc. 9 at 10–11. The record belies Gibbs' contentions. In fact, the ALJ properly discredited Gibbs' pain testimony and provided reasons for doing so. Beginning with the testimony relating to the limitations Gibbs claimed she suffered due to diabetes, the ALJ noted that Gibbs' diabetes is controlled by medication and that her treating physician found Gibbs' blood sugar levels to be well controlled during a March 2014 visit. (R. 20). The ALJ also discussed Gibbs' diabetes-related cataracts, noting their successful removal in 2010 and absence of reoccurrence. (*Id.*). Finally, the ALJ also pointed out that the record contained a single instance where Gibbs required emergency medical treatment for her diabetes and that the responding paramedics "discovered that th[e] decrease in [Gibbs'] blood sugar resulted from [Gibbs] having suspended her insulin pump" and that Gibbs "refused to go to the emergency room after receiving . . . oral glucose." (*Id.*).

Next, the ALJ discussed the limitations and pain Gibbs testified she experienced as a result of her degenerative disc disease. To support his finding that the record did not support the degree of limitation that Gibbs alleged, the ALJ

pointed out that Dr. Lewis completed a range of motion chart in 2013 that noted no range of motion restriction and that an x-ray of Gibbs' head and neck "revealed only minor scoliosis and cervical degenerative joint disease." (R. 20–21).

Finally, the ALJ discussed Gibbs' complaints about her right shoulder, finding that they are also not supported by the record and that two diagnostic examinations of the shoulder "failed to show any significant abnormality." (R. 21). The ALJ added that "[Gibbs'] right shoulder x-ray, performed in conjunction with the visit [to Dr. Anderson], was described as unremarkable. . . . [and d]uring the examination, [Gibbs] reportedly displayed 'excellent' right shoulder range of motion. . . ." (R. 21).

The court finds that the ALJ thoroughly recounted Gibbs' medical records and cited various examples where Gibbs' subjective testimony of pain were belied by her medical records. (R. 19–21). Moreover, the ALJ clearly articulated his reasons for discrediting Gibbs' statements about her pain levels and limitations. *See Wilson v. Barnhart*, 284 F.3d at 1226 (noting that the "ALJ made a reasonable decision to reject [the claimant's] subjective testimony, articulating, in detail, the contrary evidence as his reasons for doing so"). Specifically, the ALJ properly evaluated Gibbs' diabetes, degenerative disc disease, and shoulder ailments, and provided reasons for why he discredited Gibbs' pain testimony related to these

ailments. Accordingly, because the substantial evidence supports the ALJ's determination, the court affirms the ALJ's credibility determination.

## VI.   CONCLUSION

Based on the foregoing, the court concludes that the ALJ's determination that Gibbs is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination. Therefore, the Commissioner's final decision is **AFFIRMED**.  A separate order in accordance with the memorandum of decision will be entered.

**DONE** the 28th day of December, 2016.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE